IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

GINGER PATRICE TOOMBS                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:17-cv-00206-DAS

COMMISSIONER OF SOCIAL SECURITY                                                  DEFENDANT

## ORDER DENYING MOTION TO DISMISS

This cause is before the court on the Defendant Commissioner of Social Security's Motion to Dismiss for lack of jurisdiction. Claimant Ginger Toombs has responded. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), and this matter is ripe for review.

42 U.S.C. § 405(g) provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The Commissioner has interpreted "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of request for review of the presiding officer's decision or of the Appeals Council's decision. 20 C.F.R. § 422.210(c). The date of receipt is presumed to be five days after the date on the notice, unless there is a reasonable showing to the contrary.

On August 8, 2017, the Appeals Council of the Social Security Administration denied the claimant's request for review of the Administrative Law Judge's ("ALJ") denial of her claim for disability benefits. As a result, the ALJ's decision became the "final decision" of the Commissioner, and the claimant had sixty days from receipt of the Council's notice to file the present action. *See, e.g., Fletcher v. Apfel*, 210 F.3d 510, 512-13 (5th Cir. 2000). Allowing five days for mail, the complaint was due in this Court on or before October 12, 2017, but was filed

on October 13, 2017. The Commissioner, therefore, moves for dismissal.

Claimant responds that the notice of denial was not received until August 14, 2017. According to Claimant, the notice did not arrive at close of business on Friday, August 11, 2017 (the third day allowed for mailing). Claimant's five-day mailing presumption expired on Sunday, August 13, 2017.

The Court finds Clamant has rebutted the five-day presumption and accepts that she received the Appeals Council's notice of denial on Monday, August 14, 2017. Accordingly, she had until October 13, 2017, to file her complaint, which was timely filed. Therefore, the Commissioner's motion to dismiss is DENIED.

SO ORDERED, this the 26th day of March, 2018.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE